UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| TONI MICHELLE MOBLEY, | ) | Case No. 08-48291-705 |
| | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| TONI MICHELLE MOBLEY, | ) | **Adversary No. 09-4234-659** |
| | ) | |
| | ) | **PUBLISHED** |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| SALLIE MAE STUDENT LOANS, ET. AL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The matter before the Court is Defendant's [sic] Motion to Discharge Student Loan Debt, Sallie Mae, Inc.'s Answer to Motion to Discharge Student Loan Debt, Defendant Chase Student Loan Servicing, LLC's Answer to Plaintiff's Adversary Complaint, Stipulation of Facts between Plaintiff and Defendant, Sallie Mae, Inc., Defendant Sallie Mae, Inc.'s Trial Brief, Defendant Sallie Mae, Inc.'s Proposed Findings of Fact and Conclusions of Law, Plaintiff Toni Mobley's Trial Brief Defendant Chase Student Loan Servicing, LLC.'s Trial Brief and Defendant Chase Student Loan Servicing, LLC's Proposed Findings of Facts and Conclusions of Law.  A trial was held on September 14, 2010 at which Plaintiff appeared *pro sé,* Defendant Sallie Mae, Inc. appeared by counsel and Defendant Chase Student Loans appeared by counsel.  Plaintiff was the only witness at trial.  The matter was taken under submission.  Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT:**

Toni Michelle Mobley (hereinafter "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on October 21, 2008, and received a discharge on January 26, 2009.  On October 24, 2009,

Debtor filed her Motion to Discharge Student Loan Debt, which was treated as an adversary complaint (hereinafter "Complaint"). Debtor is forty-six years old. She is married and has three children, two of which have reached the age of majority, and the third child is now thirteen years old.

Debtor is indebted to Defendant Sallie Mae Inc. for the unpaid balance owed pursuant to two promissory notes executed by Debtor in order to obtain student loans. The first student loan was disbursed on June 22, 2006 and has an unpaid balance, including principal and interest, in the amount of $57,336.08. The second student loan was disbursed on July 2, 2007 and has an unpaid balance, including principal and interest, in the amount of $41,430.54. Debtor also has student loan debt with Defendant Chase Student Loans in the amount of $167,642.12. Debtor is also the co-signer on a student loan for one of her children.

Neither Debtor, Debtor's husband nor Debtor's children suffer from a debilitating medical, physical or emotional condition. Debtor holds an Associate Degree in Marketing/Management which Debtor earned in 1992, Bachelor of Arts in Organizational Studies/Communications earned in 2004 and a Master of Arts in Special Education obtained in May 2008. Debtor earns approximately $3,076.00 per month, before taxes, and Debtor's husband earns approximately $3,109.98 per month, before taxes. Both Debtor and Debtor's husband's salaries have increased since Debtor's bankruptcy case was filed.

Debtor's Schedule J lists $4,087.00 in monthly expenses however Debtor's discovery responses listed $5,157.00 in monthly expenses. The following chart represents the expenses which Debtor claims have increased since Schedule J was filed.

2

| Debtor's Monthly Expenses | | |
|---|---|---|
| | **Schedule J** | **Discovery Responses** |
| **Gas and Electric** | $300.00 | $449.00 |
| **Telephone** | $100.00 | $200.00 |
| **Food** | $400.00 | $550.00 |
| **Transportation** | $0 | $320.00 |
| **Personal Care** | $0 | $250.00 |
| **Work/School Expenses** | $0 | $200.00 |
| **Note secured by 2008 Mustang** | $0 | $413.00 |

Debtor and her family live in a 3,000 square foot home with 6 bedrooms and 3 bathrooms. Debtor testified that her home is currently in foreclosure. Debtor also testified that the monthly telephone expense of $200.00 includes three cellular phones for her, her husband and her youngest child. Debtor testified that her adult children still live with Debtor and Debtor's husband and they contribute $50.00 per month on household expenses. Debtor testified that the adult children pay their own car and cellular phone expenses. Further, Debtor testified that the personal care budget is for toiletries and items such as toilet paper and toothpaste.

Debtor has not made any payment to either Sallie Mae Inc. or Chase Student Loan since Debtor obtained her Master's Degree. Debtor argues that her student loan debt is an undue hardship because Debtor has endured difficulty in obtaining employment in the past and currently, Debtor's salary is not as high as Debtor anticipated prior to obtaining her education. Defendant Sallie Mae Inc. and Defendant Chase Student Loan argue that Debtor only claims economic hardship which is an insufficient basis for an undue hardship.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2009) and Local Rule 1002 and 7056 of the United States District

Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

Under Section 523(a)(8), "[a] discharge under Section 727 . . . of this title does not discharge an individual debtor from any debt -- unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents, for – an educational. . . loan made, insured or guaranteed by a governmental unit." 11 U.S.C. § 523(a)(8) (2009). A debtor who seeks to discharge a student loan debt pursuant to Section 523(a)(8) bears the burden of proof as to undue hardship. *In re Ford,* 269 B.R. 673, 675 (B.A.P. 8th Cir. 2001). Debtor must prove undue hardship by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 289-91, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991) (where the Court held that dischargeability of debt under Section 523 must be proven by the proponent by a preponderance of the evidence).

The Bankruptcy Code is silent as to the definition of undue hardship, however, in the Eighth Circuit, a court must consider the totality of the circumstances in "light of the following factors: (1) debtor's past, present and reasonably reliable future financial resources; (2) a calculation of the debtor's and [debtor's dependents'] reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case." *In re Bott,* 324 B.R. 771, 775 (Bankr. E.D. Mo. 2005)(citing *In re Long,* 322 F.3d 549, 554 (8th Cir. 2003); see also *In re Andrews,* 661 F.2d 702, 704 (8th Cir. 1981)). A determination of a debtor's future financial resources and expenses is made in light of the testimony and evidence produced at the hearing. *In re Bott,* 324 B.R. at 775 (citing *In re Standfuss,* 245 B.R. 356, 360 (Bankr. E.D. Mo. 2000)).

The Court must therefore determine whether Debtor has shown that her future financial resources will not sufficiently cover repayment of Debtor's student loans while still allowing the minimal standard of living based on the totality of the facts and circumstances of this case. The Court considers each factor below.

4

**I. Past, Current and Future Financial Resources**

Debtor argues that due to certain cut-backs in education, Debtor has experienced significant difficulty in obtaining gainful employment with compensation that is commensurate with Debtor's educational background. Debtor argues that when Debtor decided to pursue her Master's in Special Education, employment of Special Education teachers was anticipated to increase. Debtor produced the U.S. Bureau of Labor Statistics which were last updated on May 17, 2010 in support of Debtor's position. The U.S. Bureau of Labor Statistics reports the following:

> Employment is expected to increased <u>faster than the average</u> for all occupations. Job prospects should be <u>excellent</u> because many districts report problems finding adequate numbers of licensed special education teachers.

U.S. Bureau of Labor Statistics, p. 4. The U.S. Bureau of Labor Statistics provides further support and optimism for the employment and earning potential of special education teachers over the next eight years. *Id.* at p. 4-5. Thus the U.S. Bureau of Labor Statistics tends to support the position that Debtor's employment prospects and earning potential for the future are both positive.

Debtor reports no health conditions which might hinder Debtor's ability to work. No member of Debtor's household suffers from any health condition that might hinder Debtor's financial condition. Moreover, Debtor admits that over the course of her bankruptcy, Debtor has earned incrementally more money each year. Further, Debtor's husband's salary has similarly increased incrementally over the past few years. All facts indicate that Debtor's future earning potential is positive.

**II. Reasonable Necessary Living Expenses**

The second factor requires consideration of Debtor's necessary living expenses. Debtor states that she earns $3076.00 per month before taxes while her husband earns $3,109.98 before taxes. Debtor's Schedule J lists $4,087.00 in monthly expenses. In Debtor's discovery responses however, Debtor claimed monthly expenses of $5,157.00. Upon review of Debtor's expenses, the

Court finds that there is much room for improvement.  For example, the Court has concerns regarding Debtor's gas and electric, telephone, food, transportation and personal care expenses. A gas and electric bill of $449.00 is excessive, as is a monthly cellular phone bill of $200.00.  As Debtor will likely be moving into a space that is smaller than Debtor's current 3,000 square-foot home, Debtor's electric bill will likely decrease.  Otherwise, the Court suggests that Debtor make other provisions which are both more environmentally-friendly and fiscally responsible.  So too, Debtor could seek a more reasonable cellular phone family plan at a cost much less than $200.00. The Court finds Debtor's initial food expense of $400.00 to be reasonable, however, $550.00 appears excessive.

The Court is curious as to Debtor's transportation expense especially when Debtor's car note is listed separately in Debtor's budget.  Further, a monthly allowance of $250.00 for personal care is excessive given Debtors testimony that this allowance is for toiletries and items such as toilet paper and toothpaste.  In sum, there is much room for improvement that Debtor can make to Debtor's budget so as to allow Debtor the opportunity to make some payment on Debtor's student loans.

**III. Other Relevant Facts and Circumstances**

The last factor requires consideration of any other relevant factors and circumstances which influence this Court's determination.  Here, the Court notes that Debtor and Debtor's husband's income have both increased over the past few years, and will likely continue to increase yearly.  All members of Debtor's family are of good health.  Debtor has two adult children who live at home with Debtor and should be able to contribute more than $50.00 per month to the household expenses, if even just until Debtor's financial fortunes improve.  Debtor was unemployed for a while, but Debtor has now obtained viable employment.

6

Debtor is a well educated individual with skills that allow her to gain a respectable living. This living is made possible by the education that Debtor obtained, through first obtaining student loans.  Debtor has not met her burden of proof that payment on her student loans would result in an undue hardship.  Debtor's claims of economic hardship are insufficient to meet Debtor's burden of proof.  By separate Order, the student loan debt will not be discharged.

_Kathy A. Surratt - States_

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  November 2, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Nicholas P. Llewellyn
U.S. Attorney's Office
111 South Tenth Street - 20.333
Saint Louis, MO 63102

Linda S. Tarpley
Singer, Tarpley & Jones, P.A.
P.O. Box 480856
Kansas City, MO 64148

Donna M. Sommars
Sommars & Associates, LLC
911 Washington Ave., Ste. 415
St. Louis, MO 63101

Wesley D. Wedemeyer
Office of the United States Attorney
111 S. 10th St., Room 20.333
St. Louis, MO 63102

Toni Michelle Mobley
925 Patience Drive
Florissant, MO 63034